The People of the State of New York, Plaintiff, *v.* William Weinstein, Defendant.

City Magistrate's Court of New York, Borough of Manhattan, Gamblers' Court, June 19, 1952.

*Joseph T. McDonough* for plaintiff.

*John P. Looram* for defendant.

Shapiro, M. This is a proceeding based upon a complaint wherein it is charged that the defendant violated subdivision 7 of section 106 of the Alcoholic Beverage Control Law, in that on May 19, 1952, being manager and an officer of the corporate licensee of a licensed bar and grill, he permitted two signs advertising public dances to be displayed in the premises without first having obtained permission from the State Liquor Authority.

The facts are undisputed. It is conceded that the two signs were posted against a partition which separated the bar from the restaurant portion of the premises, both in full view of all who entered therein. The first sign was approximately fifteen inches by twenty-eight inches and read as follows:

Get Your "Kicks"

THE ROYAL BUDDIES CLUB, INC.

Present

A MUSICAL FESTIVAL

BREAKFAST DANCE

Golden Gate Ballroom 142nd St. & Lenox Ave., N. Y. C.

Sat. Nite                                     May 24 11 P.M. to ??

First Time Uptown                    KING OF THE MAMBO

TITO PUENTE

and his Orchestra

Plus

*JACK BROWN

& His Orchestra

Picture of
a
Man

Picture of
a man
with
Trumpet

On sale: JACK'S Tavern, 2350 7th Avenue — Old
Colony Grill, 354 Lenox Ave. — Bobby's Records,
301 W. 125th, Melody Shop 1318 5th Ave. —
Mello-tone Music 1390 Boston Road, Bronx.
E. J. Warner Poster Corp. 653 Eleventh
Avenue, New York City.

The second sign, approximately the same size as the first sign, contained the following:

VIRGINIA UNION UNIVERSITY

ALUMNI ASSOCIATION

Invites you to its

ANNUAL

SCHOLARSHIP

DANCE

Sunday                                                          June 22nd

3 to 7 P. M.

SAVOY BALLROOM                     Lenox Ave. at 140th St.

Adm. in Adv. $1.50 at door $1.75

Boxes $5.00    Loges & Tables $3.00

Res. Jas. Colson, Chairman, 1005 St. Nicholas Av. Wa 8-6862
Ruth DeKalb, 137 West 137th Street                    Fo 8-6799
William Sprattley, 369 Edgecombe Avenue            Fo 8-2533
Dot. Vaughan, 1569 Eastern Parkway    Hy 8-8734 Brooklyn
William E. Mitchell        526 W. 151st Street        Ad 4-1132

The statute in question (Alcoholic Beverage Control Law, § 106, subd. 7) reads: "*No sign* of any kind printed, painted or electric, advertising any brand of *alcoholic beverages* shall be permitted on the exterior or interior of said licensed

premises  *  *  *.  *No other sign* shall be permitted on the licensed premises, except by permission of the liquor authority first obtained." (Italics ours.)

It is contended by the people that the defendant violated the statute in question by posting the two signs above set forth without having first obtained the " permission of the liquor authority ".

If the second sentence of the statute is deemed to be all inclusive in its use of the words " No other sign " the defendant would clearly be guilty.

However, the adoption of such a construction of the statute would mean that signs reading " Men's Room," or " Ladies' Room," or " Kitchen," or even the posting of the day's menu, would come within the ban of the statute.

Such an interpretation of what the Legislature intended by the use of the words " No other sign " would stretch common sense to its breaking point. The Legislature could not have intended such an absurd result. Under the circumstances, the words " No other sign " should be so limited in their application as not to lead to injustice, oppression or absurdity.

It is common knowledge that immediately preceding election time the bars and grills in this city have placards in their windows containing the names, pictures and party designation of persons running for public office. This court has yet to hear of any one being prosecuted therefor. Yet if the contention made by the People is to be accepted, that practice has been a criminal one, since the adoption of the statute in question in 1934.

In the interpretation of what is intended by a penal statute common usage may not always be conclusive and controlling, but it is certainly a clear indication of what a statute — ambiguous in its terms — is generally believed to permit or prohibit.

What then did the Legislature have in mind when, after specifically prohibiting signs which advertised " any brand of alcoholic beverages " it followed that with a statement that " No other sign shall be permitted on the licensed premises "? McKinney's Consolidated Laws of New York (Book 1, Statutes [1942 ed.], § 239) supplies the answer. We there find that in interpreting a statute, the *ejusdem generis* rule requires that " Where words of specific or inevitable purport are followed by words of general import the application of the last phrase is generally confined to the subject matter disclosed in

the phrases with which it is connected; for it is known by the company it keeps; and though it may be capable of a wider significance if found alone, it is limited in its effect by the words to which it is an adjunct."

In the opinion of the court, the general words " No other sign " clearly fall within the *ejusdem generis* rule and should be limited in their meaning and application to the kind and type of article or articles specifically dealt with in the portion of the statute immediately preceding it. (28 C. J. S., p. 1049; *People* v. *Ryan*, 274 N. Y. 149; *People* v. *Cooney*, 194 Misc. 668.) So interpreted, the statute makes sense, and does not ban the type and kind of signs above mentioned and which the Legislature clearly could not have had any desire or intention to prohibit.

Since the Legislature in the first sentence of the statute enumerated the particular kind of sign which was prohibited, to wit, a sign advertising a *brand* of liquor, the general words of the statute, contained in the second sentence thereof, should be construed as applicable only to signs of the same general nature or class as those enumerated, to wit, any other sign advertising liquor. Examples of such other signs might be " Drink Bock beer," or, " A drink a day keeps heart trouble away," or, " the biggest schooners in town " or many others which readily come to mind.

Adopting such construction gives full play to the evident intention of the Legislature and dissipates the harmful and absurd results which would flow from an interpretation of the words " No other sign " as being inclusive of any and all kinds of signs whatever their character and contents.

Since the dictation of the above, this court's attention has been called to the erudite opinion of my brother McKennee in *People* v. *Machalski* (dated May 28, 1952) in which, after tracing the rule of *ejusdem generis* and the history of the statute here under consideration, he came to the same conclusion herein expressed.

Accordingly, the complaint is dismissed and defendant is discharged.